ANSTEAD, Judge,
dissenting.
I would reverse. It is undisputed on this record that the appellant was incorrectly advised as to the sentence he would receive under the sentencing guidelines before he decided to plead guilty and waive the guidelines. The mistake was also substantial: the guidelines calculation by the probation department erroneously attributed a number of felony convictions to appellant and a guidelines range of nine to twelve years, whereas a correct calculation would have demonstrated a four-year maximum sentence under the guidelines. Florida law requires a defendant to be correctly informed of the potential penalties he faces before his plea of guilty may be accepted. See Fla.R.Crim.P. 3.172(c)(i). No matter how clear the good faith of the trial judge in imposing the ten-year non-guidelines sentence, confidence in that sentence is further undermined by the exposure to the trial court of the erroneous report of appellant’s prior record, a factor always of great significance in sentencing.